FILED
 2009 Aug-12  AM 11:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| **JOHN STRINGHAM, o/b/o** ) | |
| **J.D.S.,** ) | |
| ) | |
|     **Claimant,** ) | |
| ) | |
| **vs.** ) | **Civil Action No. CV-08-S-1355-W** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner, Social Security** ) | |
| **Administration,** ) | |
| ) | |
|     **Defendant.** ) | |

## ENTRY OF JUDGMENT UNDER SENTENCE FOUR
## OF 42 U.S.C. § 405(g) AND
## ORDER OF REMAND

John Stringham commenced this action on July 29, 2008, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge, and denying the claim he asserted on behalf of his son, J.D.S. ("claimant"), for child supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be reversed, and this case remanded.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the

Commissioner, and whether correct legal standards were applied.  *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant was nine years old at the time of the administrative decision and enrolled in third grade.  Claimant alleged childhood disability due to attention deficit hyperactivity disorder (ADHD), a reading disorder, and a learning disorder; and, indeed, the ALJ found these to be severe impairments.[1]  Even so, the ALJ found that claimant did not have an impairment or combination of impairments that met, medically equaled, or functionally equaled one of the listed impairments.  Claimant contends that this decision was neither supported by substantial evidence nor in accordance with applicable legal standards.  Specifically, claimant argues that the ALJ erred in finding that claimant did not have a marked level of impairment in the domain of acquiring and using information.

If a child disability claimant has a severe impairment or combination of impairments that does not meet or medically equal a listing, the ALJ must decide whether the claimant's impairments functionally equal a listing.  To functionally equal a listing, the claimant's impairments "must be of listing-level severity; *i.e.,* [they] must result in 'marked' limitations in two domains of functioning or an

---

[1] Tr. at 20.

2

'extreme' limitation in one domain . . . ." 20 C.F.R. § 416.926a(a). The "domains of functioning" to be evaluated include: "(i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for yourself; [and] (vi) Health and physical well-being." 20 C.F.R. § 416.926a(1)(i)-(vi). Social Security regulations inform claimants that "marked" limitations in these domains exist

> when your impairment(s) interferes seriously with your ability to independently initiate, sustain, or complete activities. Your day-to-day functioning may be seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities. "Marked" limitation also means a limitation that is "more than moderate" but "less than extreme." It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean.

20 C.F.R. § 416.926a(e)(2)(i). "Extreme" limitations exist

> when your impairment(s) interferes very seriously with your ability to independently initiate, sustain, or complete activities. Your day-to-day functioning may be very seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities. "Extreme" limitation also means a limitation that is "more than marked." "Extreme" limitation is the rating we give to the worst limitations. However, "extreme limitation" does not necessarily mean a total lack or loss of ability to function. It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least three standard deviations below the mean.

20 C.F.R. § 416.926a(e)(3)(i).

The ALJ found that claimant did not have "extreme" impairments in any of the relevant domains, but that he did have "marked" limitations in the domain of attending and completing tasks. The ALJ did not find marked limitations in any of the other domains.[2] As claimant did not suffer extreme limitatins in any domain, and he did not suffer marked limitations in at least two domains, the ALJ found that claimant did not suffer from a disability as defined in the Social Security Act.[3]

Claimant asserts that the ALJ's decision was in error because the ALJ should have found a marked level of impairment in the domain of acquiring and using information.[4] This domain considers how well a child acquires or learns information, and how well the child uses the information he or she has learned. 20 C.F.R. § 416.926a(g). Social Security regulations state the following with regard to what is expected from a school-age child in this domain:

> When you are old enough to go to elementary and middle school, you should be able to learn to read, write, and do math, and discuss history and science. You will need to use these skills in academic situations to demonstrate what you have learned; *e.g.,* by reading about various subjects and producing oral and written projects, solving mathematical problems, taking achievement tests, doing group work, and entering into class discussions. You will also need to use these skills in daily living situations at home and in the community (*e.g.,* reading street signs, telling time, and making change). You should be

---

[2]Tr. at 25-29.
[3]Tr. at 29.
[4]Claimant does not object to any of the ALJ's other findings.

>   able to use increasingly complex language (vocabulary and grammar) to share information and ideas with individuals or groups, by asking questions and expressing your own ideas, and by understanding and responding to the opinions of others.

20 C.F.R. § 416.926a(e)(2)(iv).  Some examples of the problems that children might experience in acquiring and using information include:

>   (i) You do not demonstrate understanding of words about space, size, or time; *e.g.*, in/under, big/little, morning/night.
>
>   (ii) You cannot rhyme words or the sounds in words.
>
>   (iii) You have difficulty recalling important things you learned in school yesterday.
>
>   (iv) You have difficulty solving mathematics questions or computing arithmetic answers.
>
>   (v) You talk only in short, simple sentences and have difficulty explaining what you mean.

20 C.F.R. § 416.926a(g)(3). These examples are age-dependent, non-exhaustive, and not necessarily indicative of a marked or extreme limitation. *Id.*

The administrative decision contains only the following explanation of the ALJ's finding that claimant had "less than marked" limitations in the domain of acquiring and using information:

>   The evidence of record shows that the claimant was determined to be eligible for special education services in 2004, due to specific learning disabilities.  He was noted to be functioning below grade average in multiple areas.  The claimant's teacher, Ms. Cothran, noted in 2005, that

5

he would repeat the first grade due to his academic deficits. She noted that he had problems in the areas of comprehending instructions, reading and comprehending written material, math problems, expressing ideas in written form, learning new materials, and recalling and applying previously learned materials. The evidence as a whole demonstrates that the claimant continues to receive special education services at his school, in inclusive or resource room settings to enable him to better access the general curriculum.[5]

The ALJ did not offer any explanation for why all of these problems and limitations, considered together, support a finding of only "less than marked" limitations. The ALJ did not weigh any conflicting evidence or apply any of the factors set forth in the Regulations for evaluating marked limitations. As such, the court cannot discern the basis for the ALJ's decision, and cannot review it to determine whether it is supported by substantial evidence. *Falcon v. Heckler*, 732 F.2d 827, 829-30 (11th Cir. 1984) (holding that, where the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow the Commissioner to explain the basis for his decision). Remand is warranted for the ALJ to re-evaluate the extent of claimant's limitations in acquiring and using information, and to more thoroughly articulate the basis for his decision.

The decision of the Commissioner is REVERSED, and this action is

---

[5]Tr. at 25.

6

REMANDED to the Commissioner of the Social Security Administration for further proceedings consistent with this order.

The Clerk of Court is directed to close this file.

DONE this 12th day of August, 2009.

_____
United States District Judge